## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**SHARRON EMPEY,**
Individually and as Independent
Administrator of the **ESTATE OF
JAMES R. EMPEY**,

**SHARRON EMPEY,**
Individually and as Independent
Administrator of the **ESTATE DUSTIN
M. EMPEY and**

**Delaney Empey**

      Plaintiffs,

v.

**C R ENGLAND, INC.**
C/O C T Corporation System, Statutory
Agent
123 East Marcy, Suite 201
Santa Fe, NM 87501

and

**JONATHAN M. REYES**
721 East Acacia Avenue
Hemet, CA 92543

and

**FEDEX GROUND PACKAGE
SYSTEM, INC.**
C/O Barbara Copenhaver, Statutory
Agent
3370 Parkridge Place
Las Cruces, NM 88005

and

**WILLIAM L. HART**
10 Racebrook Road, Apt. C.

Case No.:

Judge

## COMPLAINT WITH JURY DEMAND ENDORSED HEREON

Michael Jay Leizerman (NM Fed. Bar 15-167)
E.J. Leizerman & Associates, LLC
3450 W. Central Avenue, Suite 328
Toledo, OH 43606
Phone: (800) 628-4500
Facsimile: (888) 838-8838
michael@leizerman.com

*Attorney for Plaintiffs*

1

East Hartford, CT 06108

and

**GUILLERMO BACILIO**
1200 Grand Avenue, Space 26
Spring Valley, CA 91977

and

**NATIONWIDE SECURE LOGISTICS**
C/O Raul P. Sedillo, Statutory Agent
4101 Indian School Road NE, Suite 300S
Albuquerque, NM 87110

and

**JAIME PONS-LEVYA**
11379 SW 5th Terrace
Miami, FL 33174

                    Defendants.

The Estates of James R. Empey and Dustin M. Empey, by Sharron Empey, and Delaney Empey file this Complaint.

## Overview

On April 12, 2015, a collision occurred involving multiple tractor trailers, causing the deaths of James R. Empey and Dustin M. Empey.

## Parties

1.   Plaintiff James R. Empey was a domiciliary and citizen of the State of Texas.

2.   Plaintiff Dustin M. Empey was a domiciliary and citizen of the State of Texas.

3.    Sharron Empey was appointed the independent administrator of the estates of her husband James R. Empey and her son Dustin M. Empey on August 25, 2015 by the Dallas County Probate Court in Texas.

4.    Delaney Empey was a minor at the time of the death of her brother and father. As of the filing of this Complaint, she is a legal adult.

5.    Sharron Empey and Delaney Empey are both domiciled in, and are citizens of, the State of Texas.

6.    Defendant C R England, Inc. ("C R England") is registered with the Federal Motor Carrier Safety Administration with a USDOT number of 28406 and is a business entity organized and existing under the laws of the State of Utah with its principal place of business in West Valley City, Utah.  Accordingly, C R England is a citizen of the State of Utah. C R England has designated C T Corporation System, located at 123 East Marcy, Suite 201, Santa Fe, New Mexico 87501, as its agent for the purposes of service of process under 49 C.F.R. §366.

7.    Defendant Jonathan M. Reyes resides at 721 East Acacia Avenue, Hemet, California 92543.  He is a domiciliary and citizen of the State of California.

8.    Defendant FedEx Ground Package System, Inc. ("FedEx Ground") is registered with the Federal Motor Carrier Safety Administration with a USDOT number of 265752 and is a business entity organized and existing under the laws of the Commonwealth of Pennsylvania with its

principal place of business in Coraopolis, Pennsylvania. Accordingly, FedEx Ground is a citizen of the Commonwealth of Pennsylvania. FedEx Ground has designated Barbara Copenhaver, located at 3370 Parkridge Place, Las Cruces, New Mexico 88005, as its agent for the purposes of service of process under 49 C.F.R. §366.

9.   Defendant William L. Hart resides at 10 Racebrook Road, Apt. C, East Hartford, Connecticut 06108.  He is a domiciliary and citizen of the State of Connecticut.

10.   Defendant Guillermo Bacilio resides at 1200 Grand Avenue, Space 26, Spring Valley, California 91977.  He is a domiciliary and citizen of the State of California.

11.   Defendant Nationwide Secure Logistics is registered with the Federal Motor Carrier Safety Administration with a USDOT number of 1953429 and is a business entity organized and existing under the laws of the State of Florida with its principal place of business in Pembroke Pines, Florida.  Accordingly, Nationwide Secure Logistics is a citizen of the State of Florida.  Nationwide Secure Logistics has designated Raul P. Sedillo, located at 4101 Indian School Road NE, Suite 300S, Albuquerque, New Mexico 87110, as its agent for the purposes of service of process under 49 C.F.R. §366.

12.   Defendant Jaime Pons-Levya resides at 11379 SW 5th Terrace, Miami, Florida 33174.  He is a domiciliary and citizen of the State of Florida.

## Statement of Jurisdiction

13. Plaintiffs' claims are brought under 28 U.S.C. § 1332(a)(1), based upon diversity of citizenship.

14. Since Plaintiffs are citizens of Texas, no Defendant is also a citizen of Texas and the amount in controversy (exclusive of costs and interest) exceeds $75,000, diversity jurisdiction exists in this Honorable Court.

15. Venue is appropriate in this Court as this action arises from a motor vehicle accident occurring in San Jon, Quay County, New Mexico, which is located in this judicial district.

## Background Facts

16. On or about April 12, 2015, James R. Empey and Dustin M. Empey were traveling eastbound on I-40 in the right lane.

17. At or near mile marker 356, James R. Empey and Dustin M. Empey collided with a FedEx Ground truck that William L. Hart was driving. As a result of that collision, the Empey's pickup truck became disabled and came to a stop on I-40 eastbound. James Empey, the driver of the pickup truck, called 911, reported the collision, including the fact his vehicle was disabled and his son, Dustin Empey, was injured with a broken leg, and requested assistance.   The telephone recording's duration was approximately 1 minute and 51 seconds.

18. The C R England truck, driven by Jonathan M. Reyes, was traveling eastbound on I-40 and struck Empey's pickup truck, after which the truck rolled onto its side.

19. The Nationwide Secure Logistics tractor trailer, driven by Jaime Pons-Levya, was traveling eastbound, and jack-knifed in a clockwise direction.

20. The second FedEx Ground tractor trailer, driven by Guillermo Bacilio, was traveling eastbound and ran into the Empey pickup truck, pushing it against and partially underneath the Nationwide Secure Logistics trailer.

21. As a direct and proximate cause of the collisions, James Empey and Dustin Empey died at the scene of the collision.

22. James Empey is survived by his wife, Sharron Empey and his daughter, Delaney Empey, who was a minor at the time of his death.

23. Dustin Empey is survived by his mother, Sharron Empey and his sister, Delaney Empey.

## FIRST CAUSE OF ACTION
*Wrongful Death – Negligence of Defendant Jonathan M. Reyes*

24. Plaintiff brings this Cause of Action under New Mexico's Wrongful Death Statute, N.M.S.A. § 41-2-1 *et seq.*

25. Defendant Jonathan M. Reyes had a duty to drive his semi-tractor trailer in a safe and reasonable manner, to obey all traffic laws, to keep a proper lookout, to control speed, to make a timely application of

brakes, to maintain an assured clear distance and to recognize and yield to slow or stopped traffic.

26. On April 12, 2015, Defendant Jonathan M. Reyes failed in the above-mentioned duties and is therefore negligent.

27. Defendant Jonathan M. Reyes' negligence was a direct and proximate cause of James R. Empey's injuries and death.

28. This action is brought by Plaintiffs to recover on behalf of the Estate of James R. Empey all damages legally available under the New Mexico Wrongful Death Act, including pain and suffering experienced by James Empey between the time of injury and his death, lost earnings, the value of James Empey's life, and emotional distress to wife Sharron Empey and daughter Delaney Empey caused by the loss of society, guidance, companionship and for Sharron Empey, loss of intimate relations.

### SECOND CAUSE OF ACTION
*Statutory Violations of Defendant Jonathan M. Reyes*

29. All facts, allegations and causes of action above are incorporated into this cause of action by reference.

30. Defendant Jonathan M. Reyes violated state and federal statutes and regulations, including but not limited to 49 C.F.R. §§ 350-399 and N.M.S.A. § 66-7-301.

31. Defendant Jonathan M. Reyes' statutory violations directly and proximately caused James R. Empey's damages and death.

32. Defendant Jonathan M. Reyes is negligent *per se* based on these statutory and regulatory violations.

## **THIRD CAUSE OF ACTION**
*Claim for Punitive Damages against Defendant Jonathan M. Reyes*

33. All facts, allegations and causes of action above are incorporated into this cause of action by reference.

34. The actions and omissions of Jonathon M. Reyes were of such an egregious nature, in reckless, wanton and total disregards to the rights of the public, including Plaintiffs, that in addition to actual damages, punitive or exemplary damages are appropriate to deter this type of act and omission from occurring in the future.

## **FOURTH CAUSE OF ACTION**
*Vicarious Liability of Defendant C R England*

35. All facts, allegations and causes of action above are incorporated into this cause of action by reference.

36. At all relevant times, Defendant Jonathan M. Reyes was the employee, agent, servant, or independent contractor for Defendant C R England. Accordingly, Defendant C R England is vicariously liable for the acts of Defendant Jonathan M. Reyes described in the causes of action above.

37. Regardless of the employment or agency relationship, Defendant C R England is an interstate motor carrier responsible for the acts of the defendant driver.

**FIFTH CAUSE OF ACTION**
*Strict Liability of Defendant C R England*

38. All facts, allegations and causes of action above are incorporated into this cause of action by reference.

39. Defendant C R England is the registered owner of the USDOT number 28406 displayed on the truck involved in this collision and is therefore responsible for the acts of Defendant Jonathan M. Reyes.

**SIXTH CAUSE OF ACTION**
*Wrongful Death – Negligence of Defendant C R England*

40. All facts, allegations and causes of action above are incorporated into this cause of action by reference.

41. Defendant C R England had a duty to act reasonably in hiring, instructing, supervising and retaining Defendant Jonathan M. Reyes, and to promulgate and enforce policies, procedures, rules, safety policies and education and training to ensure that its drivers and vehicles were reasonably safe.

42. C R England had a duty to entrust its tractor and trailer to reasonably competent and careful driver.

43. Defendant C R England failed in the above-mentioned duties and was therefore negligent.

44. Defendant C R England's negligence was a direct and proximate cause of James R. Empey's injuries and death.

## SEVENTH CAUSE OF ACTION
*Statutory Violations of Defendant C R England*

45. All facts, allegations and causes of action above are incorporated into this cause of action by reference.

46. Defendant C R England violated state and federal statutes and regulations, including but not limited to 49 C.F.R. §§ 350-399.

47. Defendant C R England's statutory violations directly and proximately caused James R. Empey's damages and death.

48. Defendant C R England is negligent *per se* based on these statutory and regulatory violations.

## EIGHTH CAUSE OF ACTION
*Claim for Punitive Damages against Defendant C R England*

49. All facts, allegations and causes of action above are incorporated into this cause of action by reference.

50. Defendant C R England's actions and omissions were of such an egregious nature, in reckless, wanton and total disregards to the rights of the public, including Plaintiffs, that in addition to actual damages, punitive or exemplary damages are appropriate to deter this type of act and omission from occurring in the future.

## NINTH CAUSE OF ACTION
*Wrongful Death – Negligence of Defendant William L. Hart*

51. All facts, allegations and causes of action above are incorporated into this cause of action by reference.

52. Defendant William L. Hart had a duty to drive his semi-tractor trailer in a safe and reasonable manner, to obey all traffic laws, and to drive at a speed not to impede traffic.

53. On April 12, 2015, Defendant William L. Hart failed in the above-mentioned duties and is therefore negligent.

54. Defendant William L. Hart's negligence was a direct and proximate cause of James R. Empey's injuries and death.

55. This action is brought by Plaintiffs to recover on behalf of the Estate of James R. Empey all damages legally available under the New Mexico Wrongful Death Act, including pain and suffering experienced by James Empey between the time of injury and his death, lost earnings, the value of James Empey's life, and emotional distress to wife Sharron Empey and daughter Delaney Empey caused by the loss of society, guidance, companionship and for Sharron Empey, loss of intimate relations.

## TENTH CAUSE OF ACTION
*Statutory Violations of Defendant William L. Hart*

56. All facts, allegations and causes of action above are incorporated into this cause of action by reference.

57. Defendant William L. Hart violated state and federal statutes and regulations, including but not limited to N. M. S. A. § 66-7-305.

58. Defendant William L. Hart's statutory violations directly and proximately caused James R. Empey's injuries and death.

59. Defendant William L. Hart is negligent *per se* based on these statutory and regulatory violations.

## ELEVENTH CAUSE OF ACTION
*Claim for Punitive Damages against Defendant William L. Hart*

60. All facts, allegations and causes of action above are incorporated into this cause of action by reference.

61. Defendant William L. Hart's actions and omissions were of such an egregious nature, in reckless, wanton and total disregards to the rights of the public, including Plaintiffs, that in addition to actual damages, punitive or exemplary damages are appropriate to deter this type of act and omission from occurring in the future.

## TWELFTH CAUSE OF ACTION
*Vicarious Liability of Defendant FedEx Ground*

62. All facts, allegations and causes of action above are incorporated into this cause of action by reference.

63. At all relevant times, Defendant William L. Hart was the employee, agent, servant, or independent contractor for Defendant FedEx Ground. Accordingly, Defendant FedEx Ground is vicariously liable for the acts of Defendant William L. Hart described in the causes of action above.

64. Regardless of the employment or agency relationship, Defendant FedEx Ground is an interstate motor carrier responsible for the acts of the defendant driver.

## THIRTEENTH CAUSE OF ACTION
*Strict Liability of FedEx Ground*

65. All facts, allegations and causes of action above are incorporated into this cause of action by reference.

66. Defendant FedEx Ground is the registered owner of the USDOT number 265752 displayed on the truck involved in this collision and is therefore responsible for the acts of Defendant William L. Hart.

## FOURTEENTH CAUSE OF ACTION
*Wrongful Death – Negligence of Defendant Guillermo Bacilio*

67. All facts, allegations and causes of action above are incorporated into this cause of action by reference.

68. Defendant Guillermo Bacilio had a duty to drive his semi-tractor trailer in a safe and reasonable manner, to obey all traffic laws, to keep a proper lookout, to control speed, to make a timely application of brakes, to maintain an assured clear distance and to recognize and yield to slow or stopped traffic.

69. On April 12, 2015, Defendant Guillermo Bacilio failed in the above-mentioned duties and is therefore negligent.

70. Defendant Guillermo Bacilio's negligence was a direct and proximate cause of James R. Empey's injuries and death.

71. This action is brought by Plaintiffs to recover on behalf of the Estate of James R. Empey all damages legally available under the New Mexico Wrongful Death Act, including pain and suffering experienced by James

Empey between the time of injury and his death, lost earnings, the value of James Empey's life, and emotional distress to wife Sharron Empey and daughter Delaney Empey caused by the loss of society, guidance, companionship and for Sharron Empey, loss of intimate relations.

## FIFTEENTH CAUSE OF ACTION
*Statutory Violations of Defendant Guillermo Bacilio*

72. All facts, allegations and causes of action above are incorporated into this cause of action by reference.

73. Defendant Guillermo Bacilio violated state and federal statutes and regulations, including but not limited to 49 C.F.R. §§ 350-399 and N.M.S.A. § 66-7-301.

74. Defendant Guillermo Bacilio's statutory violations directly and proximately caused James R. Empey's damages and death.

75. Defendant Guillermo Bacilio is negligent *per se* based on these statutory and regulatory violations.

## SIXTEENTH CAUSE OF ACTION
*Claim for Punitive Damages against Defendant Guillermo Bacilio*

76. All facts, allegations and causes of action above are incorporated into this cause of action by reference.

77. Defendant Guillermo Bacilio's actions demonstrate a conscious disregard for the rights and safety of James R. Empey and the rest of the motoring public. Plaintiff demands punitive damages against Defendant Guillermo Bacilio.

## SEVENTEENTH CAUSE OF ACTION
*Vicarious Liability of Defendant FedEx Ground*

78. All facts, allegations and causes of action above are incorporated into this cause of action by reference.

79. At all relevant times, Defendant Guillermo Bacilio was the employee, agent, servant, or independent contractor for Defendant FedEx Ground. Accordingly, Defendant FedEx Ground is vicariously liable for the acts of Defendant Guillermo Bacilio described in the causes of action above.

80. Regardless of the employment or agency relationship, Defendant FedEx Ground is an interstate motor carrier responsible for the acts of the defendant driver.

## EIGHTEENTH CAUSE OF ACTION
*Strict Liability of FedEx Ground*

81. All facts, allegations and causes of action above are incorporated into this cause of action by reference.

82. Defendant FedEx Ground is the registered owner of the USDOT number 265752 displayed on the truck involved in this collision and is therefore responsible for the acts of Defendant Guillermo Bacilio.

## NINTEENTH CAUSE OF ACTION
*Wrongful Death – Negligence of Defendant FedEx Ground*

83. All facts, allegations and causes of action above are incorporated into this cause of action by reference.

84. Defendant FedEx Ground had a duty to act reasonably in hiring, instructing, supervising and retaining Defendant William L. Hart and

Guillermo Bacilio, and to promulgate and enforce policies, procedures, rules, safety policies and education and training to ensure that its drivers and vehicles were reasonably safe.

85. FedEx Ground had a duty to entrust its tractor and trailer to reasonably competent and careful drivers.

86. Defendant FedEx Ground failed in the above-mentioned duties and was therefore negligent.

87. In addition, Defendant FedEx Ground had a duty to use reasonably care and to ensure that all motorists on the road were reasonably safe and failed in that duty.

88. Defendant FedEx Ground's negligence was a direct and proximate cause of James R. Empey's death and the damages described in this Complaint.

## TWENTIETH CAUSE OF ACTION
*Statutory Violations of Defendant FedEx Ground*

89. All facts, allegations and causes of action above are incorporated into this cause of action by reference.

90. Defendant FedEx Ground violated state and federal statutes and regulations, including but not limited to 49 C.F.R. §§ 350-399.

91. Defendant FedEx Ground's statutory violations directly and proximately caused James R. Empey's injuries and death.

92. Defendant FedEx Ground is negligent *per se* based on these statutory and regulatory violations.

16

## TWENTY-FIRST CAUSE OF ACTION
*Claim for Punitive Damages against Defendant FedEx Ground*

93. All facts, allegations and causes of action above are incorporated into this cause of action by reference.

94. Defendant FedEx Ground's actions and omissions were of such an egregious nature, in reckless, wanton and total disregards to the rights of the public, including Plaintiffs, that in addition to actual damages, punitive or exemplary damages are appropriate to deter this type of act and omission from occurring in the future.

## TWENTY-SECOND CAUSE OF ACTION
*Wrongful Death – Negligence of Jaime Pons-Levya*

95. All facts, allegations and causes of action above are incorporated into this cause of action by reference.

96. Defendant Jaime Pons-Levya had a duty to drive his semi-tractor trailer in a safe and reasonable manner, to obey all traffic laws, to keep a proper lookout, to control speed, to make a timely application of brakes, to maintain an assured clear distance and to recognize and yield to slow or stopped traffic.

97. On April 12, 2015, Defendant Jaime Pons-Levya failed in the above-mentioned duties and is therefore negligent.

98. Defendant Jaime Pons-Levya's negligence was a direct and proximate cause of James R. Empey's injuries and death.

99. This action is brought by Plaintiffs to recover on behalf of the Estate of James R. Empey all damages legally available under the New Mexico Wrongful Death Act, including pain and suffering experienced by James Empey between the time of injury and his death, lost earnings, the value of James Empey's life, and emotional distress to wife Sharron Empey and daughter Delaney Empey caused by the loss of society, guidance, companionship and for Sharron Empey, loss of intimate relations.

## TWENTY-THIRD CAUSE OF ACTION
*Statutory Violations of Defendant Jaime Pons-Levya*

100. All facts, allegations and causes of action above are incorporated into this cause of action by reference.

101. Defendant Jaime Pons-Levya violated state and federal statutes and regulations, including but not limited to 49 C.F.R. §§ 350-399 and N.M.S.A. § 66-7-301.

102. Defendant Jaime Pons-Levya's statutory violations directly and proximately caused James R. Empey's damages and death.

103. Defendant Jaime Pons-Levya is negligent *per se* based on these statutory and regulatory violations.

## TWENTY-FOURTH CAUSE OF ACTION
*Claim for Punitive Damages against Defendant Jaime Pons-Levya*

104. All facts, allegations and causes of action above are incorporated into this cause of action by reference.

105. Defendant Jaime Pons-Levya's actions demonstrate a conscious disregard for the rights and safety of James R. Empey and the rest of the motoring public.  Plaintiff demands punitive damages against Defendant Jaime Pons-Levya.

## TWENTY-FIFTH CAUSE OF ACTION
*Vicarious Liability of Defendant Nationwide Secure Logistics*

106. All facts, allegations and causes of action above are incorporated into this cause of action by reference.

107. At all relevant times, Defendant Jaime Pons-Levya was the employee, agent, servant, or independent contractor for Defendant Nationwide Secure Logistics.  Accordingly, Defendant Nationwide Secure Logistics is vicariously liable for the acts of Defendant Jaime Pons-Levya described in the causes of action above.

108. Regardless of the employment relationship or agency relationship, Defendant Nationwide Secure Logistics is an interstate motor carrier responsible for the acts of the defendant driver.

## TWENTY-SIXTH CAUSE OF ACTION
*Strict Liability of Defendant Nationwide Secure Logistics*

109. All facts, allegations and causes of action above are incorporated into this cause of action by reference.

110. Defendant Nationwide Secure Logistics is the registered owner of the USDOT number 1953429 displayed on the truck involved in this

collision and is therefore responsible for the acts of Defendant Jaime Pons-Levya.

## TWENTY-SEVENTH CAUSE OF ACTION
*Wrongful Death – Negligence of Defendant Nationwide Secure Logistics*

111. All facts, allegations and causes of action above are incorporated into this cause of action by reference.

112. Defendant Nationwide Secure Logistics had a duty to act reasonably in hiring, instructing, supervising and retaining Defendant Jonathan M. Reyes, and to promulgate and enforce policies, procedures, rules, safety policies and education and training to ensure that its drivers and vehicles were reasonably safe.

113. Nationwide Secure Logistics had a duty to entrust its tractor and trailer to a reasonably competent and careful driver.

114. Defendant Nationwide Secure Logistics failed in the above-mentioned duties and was therefore negligent.

115. In addition, Defendant Nationwide Secure Logistics had a duty to use reasonable care to ensure that all motorists on the road were reasonably safe and failed in that duty.

116. Defendant Nationwide Secure Logistics' negligence was the direct and proximate cause of James R. Empey's death and the damages described in this Complaint.

## TWENTY-EIGHTH CAUSE OF ACTION
*Statutory Violations of Defendant Nationwide Secure Logistics*

117. All facts, allegations and causes of action above are incorporated into this cause of action by reference.

118. Defendant Nationwide Secure Logistics violated state and federal statutes and regulations, including but not limited to 49 C.F.R. §§ 350-399.

119. Defendant Nationwide Secure Logistics' statutory violations directly and proximately caused James R. Empey's damages and death.

120. Defendant Nationwide Secure Logistics is negligent *per se* based on these statutory and regulatory violations.

## TWENTY-NINTH CAUSE OF ACTION
*Claim for Punitive Damages against Defendant Nationwide Secure Logistics*

121. All facts, allegations and causes of action above are incorporated into this cause of action by reference.

122. Defendant Nationwide Secure Logistics' actions and omissions were of such an egregious nature, in reckless, wanton and total disregards to the rights of the public, including Plaintiffs, that in addition to actual damages, punitive or exemplary damages are appropriate to deter this type of act and omission from occurring in the future.

## CLAIMS ON BEHALF OF THE ESTATE OF DUSTIN M. EMPEY

## THIRTIETH CAUSE OF ACTION
*Wrongful Death – Negligence of Defendant Jonathan M. Reyes*

123. Plaintiff brings this Cause of Action under New Mexico's Wrongful Death Statute, N.M.S.A. § 41-2-1 *et seq*.

124. Defendant Jonathan M. Reyes had a duty to drive his semi-tractor trailer in a safe and reasonable manner, to obey all traffic laws, to keep a proper lookout, to control speed, to make a timely application of brakes, to maintain an assured clear distance and to recognize and yield to slow or stopped traffic.

125. On April 12, 2015, Defendant Jonathan M. Reyes failed in the above-mentioned duties and is therefore negligent.

126. Defendant Jonathan M. Reyes' negligence was a direct and proximate cause of Dustin M. Empey's injuries and death.

127. This action is brought by Plaintiffs to recover on behalf of the Estate of Dustin M. Empey all damages legally available under the New Mexico Wrongful Death Act, including pain and suffering experienced by the Dustin M. Empey between the time of injury and his death, the value of Dustin M. Empey's life, and emotional distress to mother Sharron Empey and sister Delaney Empey caused by the loss of society, guidance, and companionship.

## THIRTY-FIRST CAUSE OF ACTION
### *Statutory Violations of Defendant Jonathan M. Reyes*

128. All facts, allegations and causes of action above are incorporated into this cause of action by reference.

129. Defendant Jonathan M. Reyes violated state and federal statutes and regulations, including but not limited to 49 C.F.R. §§ 350-399 and N.M.S.A. § 66-7-301.

130. Defendant Jonathan M. Reyes' statutory violations directly and proximately caused Dustin M. Empey's damages and death.

131. Defendant Jonathan M. Reyes is negligent *per se* based on these statutory and regulatory violations.

## THIRTY-SECOND CAUSE OF ACTION
*Claim for Punitive Damages against Defendant Jonathan M. Reyes*

132. All facts, allegations and causes of action above are incorporated into this cause of action by reference.

133. The actions and omissions of Jonathon M. Reyes were of such an egregious nature, in reckless, wanton and total disregards to the rights of the public, including Plaintiffs, that in addition to actual damages, punitive or exemplary damages are appropriate to deter this type of act and omission from occurring in the future.

## THIRTY-THIRD CAUSE OF ACTION
*Vicarious Liability of Defendant C R England*

134. All facts, allegations and causes of action above are incorporated into this cause of action by reference.

135. At all relevant times, Defendant Jonathan M. Reyes was the employee, agent, servant, or independent contractor for Defendant C R England.

Accordingly, Defendant C R England is vicariously liable for the acts of Defendant Jonathan M. Reyes described in the causes of action above.

136. Regardless of the employment or agency relationship, Defendant C R England is an interstate motor carrier responsible for the acts of the defendant driver.

## THIRTY-FOURTH CAUSE OF ACTION
*Strict Liability of Defendant C R England*

137. All facts, allegations and causes of action above are incorporated into this cause of action by reference.

138. Defendant C R England is the registered owner of the USDOT number 28406 displayed on the truck involved in this collision and is therefore responsible for the acts of Defendant Jonathan M. Reyes.

## THIRTY-FIFTH CAUSE OF ACTION
*Wrongful Death – Negligence of Defendant C R England*

139. All facts, allegations and causes of action above are incorporated into this cause of action by reference.

140. Defendant C R England had a duty to act reasonably in hiring, instructing, supervising and retaining Defendant Jonathan M. Reyes, and to promulgate and enforce policies, procedures, rules, safety policies and education and training to ensure that its drivers and vehicles were reasonably safe.

141. C R England had a duty to entrust its tractor and trailer to reasonably competent and careful driver.

142. Defendant C R England failed in the above-mentioned duties and was therefore negligent.

143. Defendant C R England's negligence was a direct and proximate cause of Dustin M. Empey's injuries and death.

### THIRTY-SIXTH CAUSE OF ACTION
*Statutory Violations of Defendant C R England*

144. All facts, allegations and causes of action above are incorporated into this cause of action by reference.

145. Defendant C R England violated state and federal statutes and regulations, including but not limited to 49 C.F.R. §§ 350-399.

146. Defendant C R England's statutory violations directly and proximately caused Dustin M. Empey's damages and death.

147. Defendant C R England is negligent *per se* based on these statutory and regulatory violations.

### THIRTY-SEVENTH CAUSE OF ACTION
*Claim for Punitive Damages against Defendant C R England*

148. All facts, allegations and causes of action above are incorporated into this cause of action by reference.

149. Defendant C R England's actions and omissions were of such an egregious nature, in reckless, wanton and total disregards to the rights of the public, including Plaintiffs, that in addition to actual damages, punitive or exemplary damages are appropriate to deter this type of act and omission from occurring in the future.

## THIRTY-EIGHTH CAUSE OF ACTION
*Wrongful Death – Negligence of Defendant William L. Hart*

150. All facts, allegations and causes of action above are incorporated into this cause of action by reference.

151. Defendant William L. Hart had a duty to drive his semi-tractor trailer in a safe and reasonable manner, to obey all traffic laws, and to drive at a speed not to impede traffic.

152. On April 12, 2015, Defendant William L. Hart failed in the above-mentioned duties and is therefore negligent.

153. Defendant William L. Hart's negligence was a direct and proximate cause of Dustin M. Empey's injuries and death.

154. This action is brought by Plaintiffs to recover on behalf of the Estate of Dustin M. Empey all damages legally available under the New Mexico Wrongful Death Act, including pain and suffering experienced by the Dustin M. Empey between the time of injury and his death, the value of Dustin M. Empey's life, and emotional distress to mother Sharron Empey and sister Delaney Empey caused by the loss of society, guidance, and companionship.

## THIRTY-NINTH CAUSE OF ACTION
*Statutory Violations of Defendant William L. Hart*

155. All facts, allegations and causes of action above are incorporated into this cause of action by reference.

156. Defendant William L. Hart violated state and federal statutes and regulations, including but not limited to N. M. S. A. § 66-7-305.

157. Defendant William L. Hart's statutory violations directly and proximately caused Dustin M. Empey's injuries and death.

158. Defendant William L. Hart is negligent *per se* based on these statutory and regulatory violations.

## FORTIETH CAUSE OF ACTION
*Claim for Punitive Damages against Defendant William L. Hart*

159. All facts, allegations and causes of action above are incorporated into this cause of action by reference.

160. Defendant William L. Hart's actions and omissions were of such an egregious nature, in reckless, wanton and total disregards to the rights of the public, including Plaintiffs, that in addition to actual damages, punitive or exemplary damages are appropriate to deter this type of act and omission from occurring in the future.

## FORTY-FIRST CAUSE OF ACTION
*Vicarious Liability of Defendant FedEx Ground*

161. All facts, allegations and causes of action above are incorporated into this cause of action by reference.

162. At all relevant times, Defendant William L. Hart was the employee, agent, servant, or independent contractor for Defendant FedEx Ground. Accordingly, Defendant FedEx Ground is vicariously liable for the acts of Defendant William L. Hart described in the causes of action above.

163. Regardless of the employment or agency relationship, Defendant FedEx Ground is an interstate motor carrier responsible for the acts of the defendant driver.

### FORTY-SECOND CAUSE OF ACTION
*Strict Liability of FedEx Ground*

164. All facts, allegations and causes of action above are incorporated into this cause of action by reference.

165. Defendant FedEx Ground is the registered owner of the USDOT number 265752 displayed on the truck involved in this collision and is therefore responsible for the acts of Defendant William L. Hart.

### FORTY-THIRD CAUSE OF ACTION
*Wrongful Death – Negligence of Defendant Guillermo Bacilio*

166. All facts, allegations and causes of action above are incorporated into this cause of action by reference.

167. Defendant Guillermo Bacilio had a duty to drive his semi-tractor trailer in a safe and reasonable manner, to obey all traffic laws, to keep a proper lookout, to control speed, to make a timely application of brakes, to maintain an assured clear distance and to recognize and yield to slow or stopped traffic.

168. On April 12, 2015, Defendant Guillermo Bacilio failed in the above-mentioned duties and is therefore negligent.

169. Defendant Guillermo Bacilio's negligence was a direct and proximate cause of Dustin M. Empey's injuries and death.

170. This action is brought by Plaintiffs to recover on behalf of the Estate of Dustin M. Empey all damages legally available under the New Mexico Wrongful Death Act, including pain and suffering experienced by the Dustin M. Empey between the time of injury and his death, the value of Dustin M. Empey's life, and emotional distress to mother Sharron Empey and sister Delaney Empey caused by the loss of society, guidance, and companionship.

## FORTY-FOURTH CAUSE OF ACTION
*Statutory Violations of Defendant Guillermo Bacilio*

171. All facts, allegations and causes of action above are incorporated into this cause of action by reference.

172. Defendant Guillermo Bacilio violated state and federal statutes and regulations, including but not limited to 49 C.F.R. §§ 350-399 and N.M.S.A. § 66-7-301.

173. Defendant Guillermo Bacilio's statutory violations directly and proximately caused Dustin M. Empey's damages and death.

174. Defendant Guillermo Bacilio is negligent *per se* based on these statutory and regulatory violations.

## FORTY-FIFTH CAUSE OF ACTION
*Claim for Punitive Damages against Defendant Guillermo Bacilio*

175. All facts, allegations and causes of action above are incorporated into this cause of action by reference.

176. Defendant Guillermo Bacilio's actions demonstrate a conscious disregard for the rights and safety of Dustin M. Empey and the rest of the motoring public. Plaintiff demands punitive damages against Defendant Guillermo Bacilio.

## FORTY-SIXTH CAUSE OF ACTION
*Vicarious Liability of Defendant FedEx Ground*

177. All facts, allegations and causes of action above are incorporated into this cause of action by reference.

178. At all relevant times, Defendant Guillermo Bacilio was the employee, agent, servant, or independent contractor for Defendant FedEx Ground. Accordingly, Defendant FedEx Ground is vicariously liable for the acts of Defendant Guillermo Bacilio described in the causes of action above.

179. Regardless of the employment or agency relationship, Defendant FedEx Ground is an interstate motor carrier responsible for the acts of the defendant driver.

## FORTY-SEVENTH CAUSE OF ACTION
*Strict Liability of FedEx Ground*

180. All facts, allegations and causes of action above are incorporated into this cause of action by reference.

181. Defendant FedEx Ground is the registered owner of the USDOT number 265752 displayed on the truck involved in this collision and is therefore responsible for the acts of Defendant Guillermo Bacilio.

## FORTY-EIGHTH CAUSE OF ACTION
*Wrongful Death – Negligence of Defendant FedEx Ground*

182. All facts, allegations and causes of action above are incorporated into this cause of action by reference.

183. Defendant FedEx Ground had a duty to act reasonably in hiring, instructing, supervising and retaining Defendant William L. Hart and Guillermo Bacilio, and to promulgate and enforce policies, procedures, rules, safety policies and education and training to ensure that its drivers and vehicles were reasonably safe.

184. FedEx Ground had a duty to entrust its tractor and trailer to reasonably competent and careful drivers.

185. Defendant FedEx Ground failed in the above-mentioned duties and was therefore negligent.

186. In addition, Defendant FedEx Ground had a duty to use reasonably care and to ensure that all motorists on the road were reasonably safe and failed in that duty.

187. Defendant FedEx Ground's negligence was a direct and proximate cause of Dustin M. Empey's death and the damages described in this Complaint.

## FORTY-NINTH CAUSE OF ACTION
*Statutory Violations of Defendant FedEx Ground*

188. All facts, allegations and causes of action above are incorporated into this cause of action by reference.

189. Defendant FedEx Ground violated state and federal statutes and regulations, including but not limited to 49 C.F.R. §§ 350-399.

190. Defendant FedEx Ground's statutory violations directly and proximately caused Dustin M. Empey's injuries and death.

191. Defendant FedEx Ground is negligent *per se* based on these statutory and regulatory violations.

### FIFTIETH CAUSE OF ACTION
*Claim for Punitive Damages against Defendant FedEx Ground*

192. All facts, allegations and causes of action above are incorporated into this cause of action by reference.

193. Defendant FedEx Ground's actions and omissions were of such an egregious nature, in reckless, wanton and total disregards to the rights of the public, including Plaintiffs, that in addition to actual damages, punitive or exemplary damages are appropriate to deter this type of act and omission from occurring in the future.

### FIFTY-FIRST CAUSE OF ACTION
*Wrongful Death – Negligence of Jaime Pons-Levya*

194. All facts, allegations and causes of action above are incorporated into this cause of action by reference.

195. Defendant Jaime Pons-Levya had a duty to drive his semi-tractor trailer in a safe and reasonable manner, to obey all traffic laws, to keep a proper lookout, to control speed, to make a timely application of brakes,

to maintain an assured clear distance and to recognize and yield to slow or stopped traffic.

196. On April 12, 2015, Defendant Jaime Pons-Levya failed in the above-mentioned duties and is therefore negligent.

197. Defendant Jaime Pons-Levya's negligence was a direct and proximate cause of Dustin M. Empey's injuries and death.

198. This action is brought by Plaintiffs to recover on behalf of the Estate of Dustin M. Empey all damages legally available under the New Mexico Wrongful Death Act, including pain and suffering experienced by the Dustin M. Empey between the time of injury and his death, the value of Dustin M. Empey's life, and emotional distress to mother Sharron Empey and sister Delaney Empey caused by the loss of society, guidance, and companionship.

### FIFTY-SECOND CAUSE OF ACTION
*Statutory Violations of Defendant Jaime Pons-Levya*

199. All facts, allegations and causes of action above are incorporated into this cause of action by reference.

200. Defendant Jaime Pons-Levya violated state and federal statutes and regulations, including but not limited to 49 C.F.R. §§ 350-399 and N.M.S.A. § 66-7-301.

201. Defendant Jaime Pons-Levya's statutory violations directly and proximately caused Dustin M. Empey's damages and death.

202. Defendant Jaime Pons-Levya is negligent *per se* based on these statutory and regulatory violations.

## FIFTY-THIRD CAUSE OF ACTION
*Claim for Punitive Damages against Defendant Jaime Pons-Levya*

203. All facts, allegations and causes of action above are incorporated into this cause of action by reference.

204. Defendant Jaime Pons-Levya's actions demonstrate a conscious disregard for the rights and safety of Dustin M. Empey and the rest of the motoring public.   Plaintiff demands punitive damages against Defendant Jaime Pons-Levya.

## FIFTY-FOURTH CAUSE OF ACTION
*Vicarious Liability of Defendant Nationwide Secure Logistics*

205. All facts, allegations and causes of action above are incorporated into this cause of action by reference.

206. At all relevant times, Defendant Jaime Pons-Levya was the employee, agent, servant, or independent contractor for Defendant Nationwide Secure Logistics.  Accordingly, Defendant Nationwide Secure Logistics is vicariously liable for the acts of Defendant Jaime Pons-Levya described in the causes of action above.

207. Regardless of the employment relationship or agency relationship, Defendant Nationwide Secure Logistics is an interstate motor carrier responsible for the acts of the defendant driver.

## FIFTY-FIFTH CAUSE OF ACTION
*Strict Liability of Defendant Nationwide Secure Logistics*

208. All facts, allegations and causes of action above are incorporated into this cause of action by reference.

209. Defendant Nationwide Secure Logistics is the registered owner of the USDOT number 1953429 displayed on the truck involved in this collision and is therefore responsible for the acts of Defendant Jaime Pons-Levya.

## FIFTY-SIXTH CAUSE OF ACTION
*Wrongful Death – Negligence of Defendant Nationwide Secure Logistics*

210. All facts, allegations and causes of action above are incorporated into this cause of action by reference.

211. Defendant Nationwide Secure Logistics had a duty to act reasonably in hiring, instructing, supervising and retaining Defendant Jonathan M. Reyes, and to promulgate and enforce policies, procedures, rules, safety policies and education and training to ensure that its drivers and vehicles were reasonably safe.

212. Nationwide Secure Logistics had a duty to entrust its tractor and trailer to a reasonably competent and careful driver.

213. Defendant Nationwide Secure Logistics failed in the above-mentioned duties and was therefore negligent.

214. In addition, Defendant Nationwide Secure Logistics had a duty to use reasonable care to ensure that all motorists on the road were reasonably safe and failed in that duty.

215. Defendant Nationwide Secure Logistics' negligence was the direct and proximate cause of Dustin M. Empey's death and the damages described in this Complaint.

## FIFTY-SEVENTH CAUSE OF ACTION
*Statutory Violations of Defendant Nationwide Secure Logistics*

216. All facts, allegations and causes of action above are incorporated into this cause of action by reference.

217. Defendant Nationwide Secure Logistics violated state and federal statutes and regulations, including but not limited to 49 C.F.R. §§ 350-399.

218. Defendant Nationwide Secure Logistics' statutory violations directly and proximately caused Dustin M. Empey's damages and death.

219. Defendant Nationwide Secure Logistics is negligent *per se* based on these statutory and regulatory violations.

## FIFTY-EIGHTH CAUSE OF ACTION
*Claim for Punitive Damages against Defendant Nationwide Secure Logistics*

220. All facts, allegations and causes of action above are incorporated into this cause of action by reference.

221. Defendant Nationwide Secure Logistics' actions and omissions were of such an egregious nature, in reckless, wanton and total disregards to the

rights of the public, including Plaintiffs, that in addition to actual damages, punitive or exemplary damages are appropriate to deter this type of act and omission from occurring in the future.

**WHEREFORE**, Plaintiffs respectfully requests judgment in their favor and against all Defendants, in an amount in excess of seventy-five thousand dollars ($75,000.00) (exclusive of costs and interest), in addition to punitive damages, costs and other relief that this Honorable Court deems just under the circumstances.

Respectfully submitted,


/s/ Michael Jay Leizerman
Michael Jay Leizerman




## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all triable issues.


Respectfully submitted,


/s/ Michael Jay Leizerman
Michael Jay Leizerman