## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**SHARRON EMPEY,**
Individually and as Independent
Administrator of the **ESTATE OF**
**JAMES R. EMPEY**,

**SHARRON EMPEY,**
Individually and as Independent
Administrator of the **ESTATE DUSTIN**
**M. EMPEY and**

**DELANEY EMPEY**

      Plaintiffs,

v.

**FEDEX GROUND PACKAGE**
**SYSTEM, INC.**
C/O Barbara Copenhaver, Statutory
Agent
3370 Parkridge Place
Las Cruces, NM 88005

and

**WILLIAM L. HART**
10 Racebrook Road, Apt. C.
East Hartford, CT 06108

and

**GUILLERMO BACILIO**
1200 Grand Avenue, Space 26
Spring Valley, CA 91977

And

**C R ENGLAND, INC.**
C/O C T Corporation System, Statutory
Agent
123 East Marcy, Suite 201
Santa Fe, NM 87501

Case No.: 1:15-cv-00815 KK/KBM

**SECOND AMENDED COMPLAINT WITH**
**JURY DEMAND ENDORSED HEREON**

1

and

**JONATHAN M. REYES**
721 East Acacia Avenue
Hemet, CA 92543

and

**NATIONWIDE SECURE LOGISTICS**
C/O Raul P. Sedillo, Statutory Agent
4101 Indian School Road NE, Suite 300S
Albuquerque, NM 87110

and

**JAIME PONS-LEVYA**
11379 SW 5th Terrace
Miami, FL 33174

and

**Y & S SERVICES**
c/o Yolanda J. Martin
49 Fairfield Ridge
Danbury, CT 06810

and

**SAFETY FLEET INC.**
c/o Mohanad Gaza
5483 Pine Avenue
Chino Hills, CA 91709

        Defendants.

The Estates of James R. Empey and Dustin M. Empey, by Sharron Empey, and Delaney Empey file this Complaint.

## Overview

On April 12, 2015, a collision occurred involving multiple tractor trailers, causing the deaths of James R. Empey and Dustin M. Empey.

## Parties

1.  Plaintiff James R. Empey was a domiciliary and citizen of the State of Texas.

2.  Plaintiff Dustin M. Empey was a domiciliary and citizen of the State of Texas.

3.  Sharron Empey was appointed the independent administrator of the estates of her husband James R. Empey and her son Dustin M. Empey on August 25, 2015 by the Dallas County Probate Court in Texas.

4.  Delaney Empey was a minor at the time of the death of her brother and father. As of the filing of this Complaint, she is a legal adult.

5.  Sharron Empey and Delaney Empey are both domiciled in, and are citizens of, the State of Texas.

6.  Defendant C R England, Inc. ("C R England") is registered with the Federal Motor Carrier Safety Administration with a USDOT number of 28406 and is a business entity organized and existing under the laws of the State of Utah with its principal place of business in West Valley City, Utah.  Accordingly, C R England is a citizen of the State of Utah. C R England has designated C T Corporation System, located at 123 East Marcy, Suite 201, Santa Fe, New Mexico 87501, as its agent for the purposes of service of process under 49 C.F.R. §366.

3

7.   Defendant Jonathan M. Reyes resides at 721 East Acacia Avenue, Hemet, California 92543.  He is a domiciliary and citizen of the State of California.

8.   Defendant FedEx Ground Package System, Inc. ("FedEx Ground") is registered with the Federal Motor Carrier Safety Administration with a USDOT number of 265752 and is a business entity organized and existing under the laws of the Commonwealth of Pennsylvania with its principal place of business in Coraopolis, Pennsylvania. Accordingly, FedEx Ground is a citizen of the Commonwealth of Pennsylvania. FedEx Ground has designated Barbara Copenhaver, located at 3370 Parkridge Place, Las Cruces, New Mexico 88005, as its agent for the purposes of service of process under 49 C.F.R. §366.

9.   Defendant William L. Hart resides at 10 Racebrook Road, Apt. C, East Hartford, Connecticut 06108.  He is a domiciliary and citizen of the State of Connecticut.

10.  Defendant Guillermo Bacilio resides at 1200 Grand Avenue, Space 26, Spring Valley, California 91977.  He is a domiciliary and citizen of the State of California.

11.  Defendant Nationwide Secure Logistics is registered with the Federal Motor Carrier Safety Administration with a USDOT number of 1953429 and is a business entity organized and existing under the laws of the State of Florida with its principal place of business in Pembroke Pines, Florida.  Accordingly, Nationwide Secure Logistics is a citizen of the

State of Florida.  Nationwide Secure Logistics has designated Raul P. Sedillo, located at 4101 Indian School Road NE, Suite 300S, Albuquerque, New Mexico 87110, as its agent for the purposes of service of process under 49 C.F.R. §366.

12. Defendant Jaime Pons-Levya resides at 11379 SW 5th Terrace, Miami, Florida 33174.  He is a domiciliary and citizen of the State of Florida.

13. Defendant Y & S Services, Inc. ("Y & S Services") is a business entity organized and existing under the laws of the State of Connecticut with its principal place of business in Danbury, Connecticut.  Accordingly, Y & S Services is a citizen of the State of Connecticut.  Y & S Services has designated Yolanda J. Martin as its agent for service of process.

14. Defendant Safety Fleet, Inc. ("Safety Fleet") is a business entity organized and existing under the laws of the State of California with its principal place of business in Bloomington, California. Accordingly, Safety Fleet is a citizen of the State of California. Safety Fleet has designated Mohanad Gaza, located at 5483 Pine Ave., Chino Hills, CA 91709, as its agent for the purposes of service of process.

## Statement of Jurisdiction

15. Plaintiffs' claims are brought under 28 U.S.C. § 1332(a)(1), based upon diversity of citizenship.

16. Since Plaintiffs are citizens of Texas, no Defendant is also a citizen of Texas and the amount in controversy (exclusive of costs and interest) exceeds $75,000, diversity jurisdiction exists in this Honorable Court.

17. Venue is appropriate in this Court as this action arises from a motor vehicle accident occurring in San Jon, Quay County, New Mexico, which is located in this judicial district.

## Background Facts

18. On or about April 12, 2015, James R. Empey and Dustin M. Empey were traveling eastbound on I-40 in the right lane.

19. At or near mile marker 356, a FedEx Ground double tractor trailer, driven by William L. Hart, cut in front of James Empey, causing a collision. As a result of that collision, the Empey's pickup truck spun, became disabled and came to a stop on I-40 eastbound. James Empey, the driver of the pickup truck, called 911, reported the collision, including the fact his vehicle was disabled and his son, Dustin Empey, was injured with a broken leg, and requested assistance. The telephone recording's duration is approximately 1 minute and 51 seconds.

20. The C R England truck, driven by Jonathan M. Reyes, was traveling eastbound on I-40 and struck Empey's pickup truck, after which the truck rolled onto its side.

21. The Nationwide Secure Logistics tractor trailer, driven by Jaime Pons-Levya, was traveling eastbound, and jack-knifed in a clockwise direction.

22. The second FedEx Ground tractor trailer, driven by Guillermo Bacilio, was traveling eastbound and ran into the Empey pickup truck, pushing it against and partially underneath the Nationwide Secure Logistics trailer.

6

23. As a direct and proximate cause of the collisions, James Empey and Dustin Empey died at the scene of the collision.

24. James Empey is survived by his wife, Sharron Empey and his daughter, Delaney Empey, who was a minor at the time of his death.

25. Dustin Empey is survived by his mother, Sharron Empey and his sister, Delaney Empey.

**First Cause of Action**
*Wrongful Death – Negligence of Defendant William L. Hart*

26. All facts, allegations and causes of action above are incorporated into this cause of action by reference.

27. Preliminary crash reconstruction—including analysis of ECM (Electronic Control Module) data from the FedEx Ground tractor trailer, black box data from the Empey's pickup, police photos, reconstruction photos, vehicle crush analysis, roadway evidence including tire marks, and police measurements—show that sometime around 5:20am on April 12, 2015, Defendant William L. Hart cut in front of James Empey. Hart was driving a FedEx tractor while pulling double trailers.

28. Defendant Hart moved from the right lane to the left lane cutting in front of Empey, either intentionally and with malice or due to complete inattention— likely due to fatigue or distraction, such as talking on the phone, texting or manipulating objects in the cab.

29. Defendant William L. Hart had a duty to drive his semi-tractor trailer in a safe and reasonable manner, to obey all traffic laws, to drive at a speed

not to impede or cause a collision with traffic, to be aware of the vehicles around him, to be competent in driving a tractor pulling double trailers and to pay reasonable attention when making a lane change.

30. Defendant Hart was required to have the knowledge and experience to be able to change lanes in the FedEx Ground tractor trailer he was driving without endangering the lives of others.

31. Defendant Hart was required to place warning devices on the shoulder or roadway to warn other vehicles of an emergency. Defendant Fedex Ground driver Hart's failure to place warning devices, contributed to and combined with Defendant Fedex Ground driver #2 Bacilio's failure to pay reasonable attention.

32. Defendant William L. Hart failed in the above-mentioned duties and is therefore negligent.

33. Defendant William L. Hart's negligence was a direct and proximate cause of James R. Empey's injuries and death.

34. This action is brought by Plaintiffs to recover on behalf of the Estate of James R. Empey all damages legally available under the New Mexico Wrongful Death Act, including pain and suffering experienced by James Empey between the time of injury and his death, lost earnings, the value of James Empey's life, and emotional distress to wife Sharron Empey and daughter Delaney Empey caused by the loss of society, guidance, companionship and for Sharron Empey, loss of intimate relations.

35. Defendant William L. Hart's actions demonstrate a conscious disregard for the rights and safety of James R. Empey and the rest of the motoring public. Plaintiff demands punitive damages against Defendant William L. Hart.

## Second Cause of Action
### *Vicarious Liability of Defendant FedEx Ground for Hart*

36. All facts, allegations and causes of action above are incorporated into this cause of action by reference.

37. At all relevant times, Defendant William L. Hart was the employee, agent, servant, or independent contractor for Defendant FedEx Ground. Accordingly, Defendant FedEx Ground is vicariously liable for the acts of Defendant William L. Hart described in the causes of action above.

38. Regardless of the employment or agency relationship, Defendant FedEx Ground is an interstate motor carrier responsible for the acts of the defendant driver. Defendant FedEx Ground is the registered owner of the USDOT number 265752 displayed on the truck involved in this collision. Defendant FedEx Ground is responsible for the acts of Defendant William L. Hart.

## Third Cause of Action
### *Wrongful Death – Negligence of Defendant Guillermo Bacilio*

39. All facts, allegations and causes of action above are incorporated into this cause of action by reference.

40. Defendant Guillermo Bacilio had a duty to drive his semi-tractor trailer in a safe and reasonable manner, to obey all traffic laws, to keep a

proper lookout, to control speed, to make a timely application of brakes, to maintain an assured clear distance and to recognize and yield to slow or stopped traffic.

41. Defendant Bacilio came upon a scene with stopped double tractor trailer, another overturned tractor trailer, a third tractor trailer blocking the roadway and a disabled pickup truck. He failed to stop, striking and killing James and Dustin Empey, either intentionally with malice or due to complete inattention—likely due to fatigue or distraction, such as talking on the phone, texting or manipulating objects in the cab. An attentive driver would have noticed and avoided the disabled vehicles.

42. Defendant Bacilio was required to have the knowledge and experience to be able to stop the FedEx Ground tractor trailer he was driving without endangering the lives of others. Defendant Fedex Ground driver Hart's failure to place warning devices, contributed to and combined with Defendant Fedex Ground driver #2 Bacilio's failure to pay reasonable attention.

43. Defendant Bacilio was required to be able to read and speak English sufficiently to respond to official inquiries, yet could not communicate with the police officers at the scene of the crash to assist their investigation.

44. On April 12, 2015, Defendant Guillermo Bacilio failed in the above-mentioned duties and is therefore negligent.

45. Defendant Guillermo Bacilio's negligence was a direct and proximate cause of James R. Empey's injuries and death.

46. This action is brought by Plaintiffs to recover on behalf of the Estate of James R. Empey all damages legally available under the New Mexico Wrongful Death Act, including pain and suffering experienced by James Empey between the time of injury and his death, lost earnings, the value of James Empey's life, and emotional distress to wife Sharron Empey and daughter Delaney Empey caused by the loss of society, guidance, companionship and for Sharron Empey, loss of intimate relations.

47. Defendant Guillermo Bacilio's actions demonstrate a conscious disregard for the rights and safety of James R. Empey and the rest of the motoring public. Plaintiff demands punitive damages against Defendant Guillermo Bacilio.

**Fourth Cause of Action**
*Vicarious Liability of Defendant FedEx Ground for Bacilio*

48. All facts, allegations and causes of action above are incorporated into this cause of action by reference.

49. At all relevant times, Defendant Guillermo Bacilio was the employee, agent, servant, or independent contractor for Defendant FedEx Ground. Accordingly, Defendant FedEx Ground is vicariously liable for the acts of Defendant Guillermo Bacilio described in the causes of action above.

50. Regardless of the employment or agency relationship, Defendant FedEx Ground is an interstate motor carrier responsible for the acts of the

defendant. Defendant FedEx Ground is the registered owner of the USDOT number 265752 displayed on the truck involved in this collision. Defendant FedEx Ground is responsible for the acts of Defendant Guillermo Bacilio.

**Fifth Cause of Action**
*Wrongful Death – Negligence of Defendant FedEx Ground*

51.  All facts, allegations and causes of action above are incorporated into this cause of action by reference.

52.  Defendant FedEx Ground had a duty to act reasonably in hiring, instructing, supervising and retaining Defendant William L. Hart and Guillermo Bacilio, and to promulgate and enforce policies, procedures, rules, safety policies and education and training to ensure that its drivers and vehicles were reasonably safe.

53.  Defendant FedEx Ground had a duty to act reasonably in hiring or contracting with Y & S Services and Safety Fleet.

54.  FedEx Ground had a duty to entrust its tractor and trailer to reasonably competent and careful drivers.

55.  In addition, Defendant FedEx Ground had a duty to use reasonably care and to ensure that all motorists on the road were reasonably safe and failed in that duty.

56.  Defendant FedEx Ground had a duty to observe, and to require its drivers to observe, all motor carrier safety regulations and to develop

safety programs to ensure drivers were instructed in, and complied with, all motor carrier safety regulations.

57. Defendant FedEx Ground, through its lack of corporate policy, allowed its drivers to be incompetent and drive ignorant of issues related to safe driving. FedEx Ground has:

(a) No, or inadequate, safety training program for drivers;

(b) No fatigue management program, despite the large number of its drivers who drive during the "danger zone" from midnight to 6:00am;

(c) No, or inadequate, hours of service verification for logbooks;

(d) No, or inadequate, protocols and procedures to ensure its drivers are fit to drive;

(e) No, or inadequate, protocols and procedures to ensure its drivers meet the minimum qualifications of 49 C.F.R. § 391.11(b), including having adequate training, experience, or both to safely operate a commercial motor vehicle, and to ensure its drivers can communicate in English sufficiently to respond to official inquiries.

(f) No, or inadequate, training for drivers to avoid roadway hazards, including traffic crashes, ahead.

58. Defendant FedEx Ground failed in the above-mentioned duties and was therefore negligent.

59. Defendant FedEx Ground's negligence was a direct and proximate cause of James R. Empey's death and the damages described in this Complaint.

60. Defendant FedEx Ground's actions and omissions were of such an egregious nature, in reckless, wanton and total disregards to the rights of the public, including Plaintiffs, that in addition to actual damages, punitive or exemplary damages are appropriate to deter this type of act and omission from occurring in the future.

**Sixth Cause of Action**
*Vicarious Liability of Defendant Y & S Services for Hart*

61. All facts, allegations and causes of action above are incorporated into this cause of action by reference.

62. At all relevant times, Defendant William L. Hart was the employee, agent, servant, or independent contractor for Defendant Y & S Services. Accordingly, Defendant Y & S Services is vicariously liable for the acts of Defendant William L. Hart described in the causes of action above.

**Seventh Cause of Action**
*Wrongful Death – Negligence of Defendant Y & S Services*

63. All facts, allegations and causes of action above are incorporated into this cause of action by reference.

64. Defendant Y & S Services had a duty to act reasonably in hiring, instructing, supervising and retaining Defendant William L. Hart and to promulgate and enforce policies, procedures, rules, safety policies and

education and training to ensure that its drivers and vehicles were reasonably safe.

65. Y & S Services had a duty to entrust its tractor and trailer to reasonably competent and careful drivers.

66. In addition, Defendant Y & S Services had a duty to use reasonably care and to ensure that all motorists on the road were reasonably safe and failed in that duty.

67. Defendant Y & S Services failed in the above-mentioned duties and was therefore negligent.

68. Defendant Y & S Services's negligence was a direct and proximate cause of James R. Empey's death and the damages described in this Complaint.

69. Defendant Y & S Services's actions and omissions were of such an egregious nature, in reckless, wanton and total disregards to the rights of the public, including Plaintiffs, that in addition to actual damages, punitive or exemplary damages are appropriate to deter this type of act and omission from occurring in the future.

### Eighth Cause of Action
*Vicarious Liability of Defendant Safety Fleet for Bacilio*

70. All facts, allegations and causes of action above are incorporated into this cause of action by reference.

71. At all relevant times, Defendant Guillermo Bacilio was the employee, agent, servant, or independent contractor for Defendant Safety Fleet.

Accordingly, Defendant Safety Fleet is vicariously liable for the acts of Defendant Guillermo Bacilio described in the causes of action above.

### Ninth Cause of Action
*Wrongful Death – Negligence of Defendant Safety Fleet*

72. All facts, allegations and causes of action above are incorporated into this cause of action by reference.

73. Defendant Safety Fleet had a duty to act reasonably in hiring, instructing, supervising and retaining Defendant Guillermo Bacilio and to promulgate and enforce policies, procedures, rules, safety policies and education and training to ensure that its drivers and vehicles were reasonably safe.

74. Safety Fleet had a duty to entrust its tractor and trailer to reasonably competent and careful drivers.

75. In addition, Defendant Safety Fleet had a duty to use reasonably care and to ensure that all motorists on the road were reasonably safe and failed in that duty.

76. Defendant Safety Fleet failed in the above-mentioned duties and was therefore negligent.

77. Defendant Safety Fleet negligence was a direct and proximate cause of James R. Empey's death and the damages described in this Complaint.

78. Defendant Safety Fleet's actions and omissions were of such an egregious nature, in reckless, wanton and total disregards to the rights of the public, including Plaintiffs, that in addition to actual damages,

punitive or exemplary damages are appropriate to deter this type of act and omission from occurring in the future.

## Tenth Cause of Action
*Wrongful Death – Negligence of Defendant Jonathan M. Reyes*

79. Plaintiff brings this Cause of Action under New Mexico's Wrongful Death Statute, N.M.S.A. § 41-2-1 *et seq*.

80. Defendant Jonathan M. Reyes had a duty to drive his semi-tractor trailer in a safe and reasonable manner, to obey all traffic laws, to keep a proper lookout, to control speed, to make a timely application of brakes, to maintain an assured clear distance and to recognize and yield to slow or stopped traffic.

81. On April 12, 2015, Defendant Jonathan M. Reyes failed in the above-mentioned duties and is therefore negligent.

82. Defendant Jonathan M. Reyes' negligence was a direct and proximate cause of James R. Empey's injuries and death.

83. This action is brought by Plaintiffs to recover on behalf of the Estate of James R. Empey all damages legally available under the New Mexico Wrongful Death Act, including pain and suffering experienced by James Empey between the time of injury and his death, lost earnings, the value of James Empey's life, and emotional distress to wife Sharron Empey and daughter Delaney Empey caused by the loss of society, guidance, companionship and for Sharron Empey, loss of intimate relations.

84. The actions and omissions of Jonathon M. Reyes were of such an egregious nature, in reckless, wanton and total disregards to the rights of the public, including Plaintiffs, that in addition to actual damages, punitive or exemplary damages are appropriate to deter this type of act and omission from occurring in the future.

**Eleventh Cause of Action**
*Vicarious Liability of Defendant C R England*

85. All facts, allegations and causes of action above are incorporated into this cause of action by reference.

86. At all relevant times, Defendant Jonathan M. Reyes was the employee, agent, servant, or independent contractor for Defendant C R England. Accordingly, Defendant C R England is vicariously liable for the acts of Defendant Jonathan M. Reyes described in the causes of action above.

87. Regardless of the employment or agency relationship, Defendant C R England is an interstate motor carrier responsible for the acts of the defendant driver. Defendant C R England is the registered owner of the USDOT number 28406 displayed on the truck involved in this collision. Defendant C R England is responsible for the acts of Defendant Jonathan M. Reyes.

**Twelfth Cause of Action**
*Wrongful Death – Negligence of Defendant C R England*

88. All facts, allegations and causes of action above are incorporated into this cause of action by reference.

89. Defendant C R England had a duty to act reasonably in hiring, instructing, supervising and retaining Defendant Jonathan M. Reyes, and to promulgate and enforce policies, procedures, rules, safety policies and education and training to ensure that its drivers and vehicles were reasonably safe.

90. C R England had a duty to entrust its tractor and trailer to reasonably competent and careful driver.

91. Defendant C R England failed in the above-mentioned duties and was therefore negligent.

92. Defendant C R England's negligence was a direct and proximate cause of James R. Empey's injuries and death.

93. Defendant C R England's actions and omissions were of such an egregious nature, in reckless, wanton and total disregards to the rights of the public, including Plaintiffs, that in addition to actual damages, punitive or exemplary damages are appropriate to deter this type of act and omission from occurring in the future.

### Thirteenth Cause of Action
*Wrongful Death – Negligence of Jaime Pons-Levya*

94. All facts, allegations and causes of action above are incorporated into this cause of action by reference.

95. Defendant Jaime Pons-Levya had a duty to drive his semi-tractor trailer in a safe and reasonable manner, to obey all traffic laws, to keep a proper lookout, to control speed, to make a timely application of brakes,

to maintain an assured clear distance and to recognize and yield to slow or stopped traffic.

96. On April 12, 2015, Defendant Jaime Pons-Levya failed in the above-mentioned duties and is therefore negligent.

97. Defendant Jaime Pons-Levya's negligence was a direct and proximate cause of James R. Empey's injuries and death.

98. This action is brought by Plaintiffs to recover on behalf of the Estate of James R. Empey all damages legally available under the New Mexico Wrongful Death Act, including pain and suffering experienced by James Empey between the time of injury and his death, lost earnings, the value of James Empey's life, and emotional distress to wife Sharron Empey and daughter Delaney Empey caused by the loss of society, guidance, companionship and for Sharron Empey, loss of intimate relations.

### Fourteenth Cause of Action
*Vicarious Liability of Defendant Nationwide Secure Logistics*

99. All facts, allegations and causes of action above are incorporated into this cause of action by reference.

100. At all relevant times, Defendant Jaime Pons-Levya was the employee, agent, servant, or independent contractor for Defendant Nationwide Secure Logistics. Accordingly, Defendant Nationwide Secure Logistics is vicariously liable for the acts of Defendant Jaime Pons-Levya described in the causes of action above.

20

101. Regardless of the employment relationship or agency relationship, Defendant Nationwide Secure Logistics is an interstate motor carrier responsible for the acts of the defendant driver. Defendant Nationwide Secure Logistics is the registered owner of the USDOT number 1953429 displayed on the truck involved in this collision. Defendant Nationwide Secure Logistics is responsible for the acts of Defendant Jaime Pons-Levya.

**Fifteenth Cause of Action**
*Wrongful Death – Negligence of Defendant Nationwide Secure Logistics*

102. All facts, allegations and causes of action above are incorporated into this cause of action by reference.

103. Defendant Nationwide Secure Logistics had a duty to act reasonably in hiring, instructing, supervising and retaining Defendant Jaime Pons-Levya, and to promulgate and enforce policies, procedures, rules, safety policies and education and training to ensure that its drivers and vehicles were reasonably safe.

104. Nationwide Secure Logistics had a duty to entrust its tractor and trailer to a reasonably competent and careful driver.

105. Defendant Nationwide Secure Logistics failed in the above-mentioned duties and was therefore negligent.

106. In addition, Defendant Nationwide Secure Logistics had a duty to use reasonable care to ensure that all motorists on the road were reasonably safe and failed in that duty.

107. Defendant Nationwide Secure Logistics' negligence was the direct and proximate cause of James R. Empey's death and the damages described in this Complaint.

## CLAIMS ON BEHALF OF THE ESTATE OF DUSTIN M. EMPEY

### Sixteenth Cause of Action
*Wrongful Death – Negligence of Defendant William L. Hart*

108. All facts, allegations and causes of action above are incorporated into this cause of action by reference.

109. Preliminary crash reconstruction—including analysis of ECM (Electronic Control Module) data from the FedEx Ground tractor trailer, black box data from the Empey's pickup, police photos, reconstruction photos, vehicle crush analysis, roadway evidence including tire marks, and police measurements—show that sometime around 5:20am on April 12, 2015, Defendant William L. Hart cut in front of James Empey. Hart was driving a FedEx tractor while pulling double trailers.

110. Defendant Hart moved from the right lane to the left lane cutting in front of Empey, either intentionally and with malice or due to complete inattention— likely due to fatigue or distraction, such as talking on the phone, texting or manipulating objects in the cab.

111. Defendant William L. Hart had a duty to drive his semi-tractor trailer in a safe and reasonable manner, to obey all traffic laws, to drive at a speed not to impede or cause a collision with traffic, to be aware of the vehicles

around him, to be competent in driving a tractor pulling double trailers and to pay reasonable attention when making a lane change.

112. Defendant Hart was required to have the knowledge and experience to be able to change lanes in the FedEx Ground tractor trailer he was driving without endangering the lives of others.

113. Defendant Hart was required to place warning devices on the shoulder or roadway to warn other vehicles of an emergency. Defendant Fedex Ground driver Hart's failure to place warning devices, contributed to and combined with Defendant Fedex Ground driver #2 Bacilio's failure to pay reasonable attention.

114. Defendant William L. Hart failed in the above-mentioned duties and is therefore negligent.

115. Defendant William L. Hart's negligence was a direct and proximate cause of Dustin M. Empey's injuries and death.

116. This action is brought by Plaintiffs to recover on behalf of the Estate of Dustin M. Empey all damages legally available under the New Mexico Wrongful Death Act, including pain and suffering experienced by the Dustin M. Empey between the time of injury and his death, the value of Dustin M. Empey's life, and emotional distress to mother Sharron Empey and sister Delaney Empey caused by the loss of society, guidance, and companionship.

117. Defendant William L. Hart's actions demonstrate a conscious disregard for the rights and safety of Dustin M. Empey and the rest of the

motoring public. Plaintiff demands punitive damages against Defendant William L. Hart.

### Seventeenth Cause of Action
*Vicarious Liability of Defendant FedEx Ground for Hart*

118. All facts, allegations and causes of action above are incorporated into this cause of action by reference.

119. At all relevant times, Defendant William L. Hart was the employee, agent, servant, or independent contractor for Defendant FedEx Ground. Accordingly, Defendant FedEx Ground is vicariously liable for the acts of Defendant William L. Hart described in the causes of action above.

120. Regardless of the employment or agency relationship, Defendant FedEx Ground is an interstate motor carrier responsible for the acts of the defendant driver. Defendant FedEx Ground is the registered owner of the USDOT number 265752 displayed on the truck involved in this collision. Defendant FedEx Ground is responsible for the acts of Defendant William L. Hart.

### Eighteenth Cause of Action
*Wrongful Death – Negligence of Defendant Guillermo Bacilio*

121. All facts, allegations and causes of action above are incorporated into this cause of action by reference.

122. Defendant Guillermo Bacilio had a duty to drive his semi-tractor trailer in a safe and reasonable manner, to obey all traffic laws, to keep a proper lookout, to control speed, to make a timely application of brakes,

to maintain an assured clear distance and to recognize and yield to slow or stopped traffic.

123. Defendant Bacilio came upon a scene with stopped double tractor trailer, another overturned tractor trailer, a third tractor trailer blocking the roadway and a disabled pickup truck. He failed to stop, striking and killing James and Dustin Empey, either intentionally with malice or due to complete inattention—likely due to fatigue or distraction, such as talking on the phone, texting or manipulating objects in the cab. An attentive driver would have noticed and avoided the disabled vehicles.

124. Defendant Bacilio was required to have the knowledge and experience to be able to stop the FedEx Ground tractor trailer he was driving without endangering the lives of others. Defendant Fedex Ground driver Hart's failure to place warning devices, contributed to and combined with Defendant Fedex Ground driver #2 Bacilio's failure to pay reasonable attention.

125. Defendant Bacilio was required to be able to read and speak English sufficiently to respond to official inquiries, yet could not communicate with the police officers at the scene of the crash to assist their investigation.

126. On April 12, 2015, Defendant Guillermo Bacilio failed in the above-mentioned duties and is therefore negligent.

127. Defendant Guillermo Bacilio's negligence was a direct and proximate cause of Dustin M. Empey's injuries and death.

128. This action is brought by Plaintiffs to recover on behalf of the Estate of Dustin M. Empey all damages legally available under the New Mexico Wrongful Death Act, including pain and suffering experienced by the Dustin M. Empey between the time of injury and his death, the value of Dustin M. Empey's life, and emotional distress to mother Sharron Empey and sister Delaney Empey caused by the loss of society, guidance, and companionship.

129. Defendant Guillermo Bacilio's actions demonstrate a conscious disregard for the rights and safety of Dustin M. Empey and the rest of the motoring public. Plaintiff demands punitive damages against Defendant Guillermo Bacilio.

## Nineteenth Cause of Action
*Vicarious Liability of Defendant FedEx Ground for Bacilio*

130. All facts, allegations and causes of action above are incorporated into this cause of action by reference.

131. At all relevant times, Defendant Guillermo Bacilio was the employee, agent, servant, or independent contractor for Defendant FedEx Ground. Accordingly, Defendant FedEx Ground is vicariously liable for the acts of Defendant Guillermo Bacilio described in the causes of action above.

132. Regardless of the employment or agency relationship, Defendant FedEx Ground is an interstate motor carrier responsible for the acts of the defendant. Defendant FedEx Ground is the registered owner of the USDOT number 265752 displayed on the truck involved in this collision.

Defendant FedEx Ground is responsible for the acts of Defendant Guillermo Bacilio.

### Twentieth Cause of Action
*Wrongful Death – Negligence of Defendant FedEx Ground*

133. All facts, allegations and causes of action above are incorporated into this cause of action by reference.

134. Defendant FedEx Ground had a duty to act reasonably in hiring, instructing, supervising and retaining Defendant William L. Hart and Guillermo Bacilio, and to promulgate and enforce policies, procedures, rules, safety policies and education and training to ensure that its drivers and vehicles were reasonably safe.

135. Defendant FedEx Ground had a duty to act reasonably in hiring or contracting with Y & S Services and Safety Fleet.

136. FedEx Ground had a duty to entrust its tractor and trailer to reasonably competent and careful drivers.

137. In addition, Defendant FedEx Ground had a duty to use reasonably care and to ensure that all motorists on the road were reasonably safe and failed in that duty.

138. Defendant FedEx Ground had a duty to observe, and to require its drivers to observe, all motor carrier safety regulations and to develop safety programs to ensure drivers were instructed in, and complied with, all motor carrier safety regulations.

139. Defendant FedEx Ground, through its lack of corporate policy, allowed its drivers to be incompetent and drive ignorant of issues related to safe driving. FedEx Ground has:

(a) No, or inadequate, safety training program for drivers;

(b) No fatigue management program, despite the large number of its drivers who drive during the "danger zone" from midnight to 6:00am;

(c) No, or inadequate, hours of service verification for logbooks;

(d) No, or inadequate, protocols and procedures to ensure its drivers are fit to drive;

(e) No, or inadequate, protocols and procedures to ensure its drivers meet the minimum qualifications of 49 C.F.R. § 391.11(b), including having adequate training, experience, or both to safely operate a commercial motor vehicle, and to ensure its drivers can communicate in English sufficiently to respond to official inquiries.

(f) No, or inadequate, training for drivers to avoid roadway hazards, including traffic crashes, ahead.

140. Defendant FedEx Ground failed in the above-mentioned duties and was therefore negligent.

141. Defendant FedEx Ground's negligence was a direct and proximate cause of Dustin M. Empey's death and the damages described in this Complaint.

142. Defendant FedEx Ground's actions and omissions were of such an egregious nature, in reckless, wanton and total disregards to the rights of the public, including Plaintiffs, that in addition to actual damages, punitive or exemplary damages are appropriate to deter this type of act and omission from occurring in the future.

### Twenty-first Cause of Action
*Vicarious Liability of Defendant Y & S Services for Hart*

143. All facts, allegations and causes of action above are incorporated into this cause of action by reference.

144. At all relevant times, Defendant William L. Hart was the employee, agent, servant, or independent contractor for Defendant Y & S Services. Accordingly, Defendant Y & S Services is vicariously liable for the acts of Defendant William L. Hart described in the causes of action above.

### Twenty-second Cause of Action
*Wrongful Death – Negligence of Defendant Y & S Services*

145. All facts, allegations and causes of action above are incorporated into this cause of action by reference.

146. Defendant Y & S Services had a duty to act reasonably in hiring, instructing, supervising and retaining Defendant William L. Hart and to promulgate and enforce policies, procedures, rules, safety policies and education and training to ensure that its drivers and vehicles were reasonably safe.

147. Y & S Services had a duty to entrust its tractor and trailer to reasonably competent and careful drivers.

148. In addition, Defendant Y & S Services had a duty to use reasonably care and to ensure that all motorists on the road were reasonably safe and failed in that duty.

149. Defendant Y & S Services failed in the above-mentioned duties and was therefore negligent.

150. Defendant Y & S Services's negligence was a direct and proximate cause of James R. Empey's death and the damages described in this Complaint.

151. Defendant Y & S Services's actions and omissions were of such an egregious nature, in reckless, wanton and total disregards to the rights of the public, including Plaintiffs, that in addition to actual damages, punitive or exemplary damages are appropriate to deter this type of act and omission from occurring in the future.

**Twenty-third Cause of Action**
*Vicarious Liability of Defendant Safety Fleet for Bacilio*

152. All facts, allegations and causes of action above are incorporated into this cause of action by reference.

153. At all relevant times, Defendant Guillermo Bacilio was the employee, agent, servant, or independent contractor for Defendant Safety Fleet. Accordingly, Defendant Safety Fleet is vicariously liable for the acts of Defendant Guillermo Bacilio described in the causes of action above.

### Twenty-fourth Cause of Action
*Wrongful Death – Negligence of Defendant Safety Fleet*

154. All facts, allegations and causes of action above are incorporated into this cause of action by reference.

155. Defendant Safety Fleet had a duty to act reasonably in hiring, instructing, supervising and retaining Defendant Guillermo Bacilio and to promulgate and enforce policies, procedures, rules, safety policies and education and training to ensure that its drivers and vehicles were reasonably safe.

156. Safety Fleet had a duty to entrust its tractor and trailer to reasonably competent and careful drivers.

157. In addition, Defendant Safety Fleet had a duty to use reasonably care and to ensure that all motorists on the road were reasonably safe and failed in that duty.

158. Defendant Safety Fleet failed in the above-mentioned duties and was therefore negligent.

159. Defendant Safety Fleet negligence was a direct and proximate cause of James R. Empey's death and the damages described in this Complaint.

160. Defendant Safety Fleet's actions and omissions were of such an egregious nature, in reckless, wanton and total disregards to the rights of the public, including Plaintiffs, that in addition to actual damages, punitive or exemplary damages are appropriate to deter this type of act and omission from occurring in the future.

## Twenty-fifth Cause of Action
*Wrongful Death – Negligence of Defendant Jonathan M. Reyes*

161. Plaintiff brings this Cause of Action under New Mexico's Wrongful Death Statute, N.M.S.A. § 41-2-1 *et seq*.

162. Defendant Jonathan M. Reyes had a duty to drive his semi-tractor trailer in a safe and reasonable manner, to obey all traffic laws, to keep a proper lookout, to control speed, to make a timely application of brakes, to maintain an assured clear distance and to recognize and yield to slow or stopped traffic.

163. On April 12, 2015, Defendant Jonathan M. Reyes failed in the above-mentioned duties and is therefore negligent.

164. Defendant Jonathan M. Reyes' negligence was a direct and proximate cause of Dustin M. Empey's injuries and death.

165. This action is brought by Plaintiffs to recover on behalf of the Estate of Dustin M. Empey all damages legally available under the New Mexico Wrongful Death Act, including pain and suffering experienced by the Dustin M. Empey between the time of injury and his death, the value of Dustin M. Empey's life, and emotional distress to mother Sharron Empey and sister Delaney Empey caused by the loss of society, guidance, and companionship.

166. The actions and omissions of Jonathon M. Reyes were of such an egregious nature, in reckless, wanton and total disregards to the rights of the public, including Plaintiffs, that in addition to actual damages,

punitive or exemplary damages are appropriate to deter this type of act and omission from occurring in the future.

### Twenty-sixth Cause of Action
*Vicarious Liability of Defendant C R England*

167. All facts, allegations and causes of action above are incorporated into this cause of action by reference.

168. At all relevant times, Defendant Jonathan M. Reyes was the employee, agent, servant, or independent contractor for Defendant C R England. Accordingly, Defendant C R England is vicariously liable for the acts of Defendant Jonathan M. Reyes described in the causes of action above.

169. Regardless of the employment or agency relationship, Defendant C R England is an interstate motor carrier responsible for the acts of the defendant driver. Defendant C R England is the registered owner of the USDOT number 28406 displayed on the truck involved in this collision. Defendant C R England is responsible for the acts of Defendant Jonathan M. Reyes.

### Twenty-seventh Cause of Action
*Wrongful Death – Negligence of Defendant C R England*

170. All facts, allegations and causes of action above are incorporated into this cause of action by reference.

171. Defendant C R England had a duty to act reasonably in hiring, instructing, supervising and retaining Defendant Jonathan M. Reyes, and to promulgate and enforce policies, procedures, rules, safety policies

and education and training to ensure that its drivers and vehicles were reasonably safe.

172. C R England had a duty to entrust its tractor and trailer to reasonably competent and careful driver.

173. Defendant C R England failed in the above-mentioned duties and was therefore negligent.

174. Defendant C R England's negligence was a direct and proximate cause of Dustin M. Empey's injuries and death.

175. Defendant C R England's actions and omissions were of such an egregious nature, in reckless, wanton and total disregards to the rights of the public, including Plaintiffs, that in addition to actual damages, punitive or exemplary damages are appropriate to deter this type of act and omission from occurring in the future.

### Twenty-eighth Cause of Action
*Wrongful Death – Negligence of Jaime Pons-Levya*

176. All facts, allegations and causes of action above are incorporated into this cause of action by reference.

177. Defendant Jaime Pons-Levya had a duty to drive his semi-tractor trailer in a safe and reasonable manner, to obey all traffic laws, to keep a proper lookout, to control speed, to make a timely application of brakes, to maintain an assured clear distance and to recognize and yield to slow or stopped traffic.

178. On April 12, 2015, Defendant Jaime Pons-Levya failed in the above-mentioned duties and is therefore negligent.

179. Defendant Jaime Pons-Levya's negligence was a direct and proximate cause of Dusting M. Empey's injuries and death.

180. This action is brought by Plaintiffs to recover on behalf of the Estate of Dustin M. Empey all damages legally available under the New Mexico Wrongful Death Act, including pain and suffering experienced by the Dustin M. Empey between the time of injury and his death, the value of Dustin M. Empey's life, and emotional distress to mother Sharron Empey and sister Delaney Empey caused by the loss of society, guidance, and companionship.

### Twenty-ninth Cause of Action
*Vicarious Liability of Defendant Nationwide Secure Logistics*

181. All facts, allegations and causes of action above are incorporated into this cause of action by reference.

182. At all relevant times, Defendant Jaime Pons-Levya was the employee, agent, servant, or independent contractor for Defendant Nationwide Secure Logistics.  Accordingly, Defendant Nationwide Secure Logistics is vicariously liable for the acts of Defendant Jaime Pons-Levya described in the causes of action above.

183. Regardless of the employment relationship or agency relationship, Defendant Nationwide Secure Logistics is an interstate motor carrier responsible for the acts of the defendant driver. Defendant Nationwide

Secure Logistics is the registered owner of the USDOT number 1953429 displayed on the truck involved in this collision. Defendant Nationwide Secure Logistics is responsible for the acts of Defendant Jaime Pons-Levya.

### Thirtieth Cause of Action
*Wrongful Death – Negligence of Defendant Nationwide Secure Logistics*

184. All facts, allegations and causes of action above are incorporated into this cause of action by reference.

185. Defendant Nationwide Secure Logistics had a duty to act reasonably in hiring, instructing, supervising and retaining Defendant Jaime Pons-Levya, and to promulgate and enforce policies, procedures, rules, safety policies and education and training to ensure that its drivers and vehicles were reasonably safe.

186. Nationwide Secure Logistics had a duty to entrust its tractor and trailer to a reasonably competent and careful driver.

187. Defendant Nationwide Secure Logistics failed in the above-mentioned duties and was therefore negligent.

188. In addition, Defendant Nationwide Secure Logistics had a duty to use reasonable care to ensure that all motorists on the road were reasonably safe and failed in that duty.

189. Defendant Nationwide Secure Logistics' negligence was the direct and proximate cause of Dustin M. Empey's death and the damages described in this Complaint.

**WHEREFORE**, Plaintiffs respectfully requests judgment in their favor and against all Defendants, in an amount in excess of seventy-five thousand dollars ($75,000.00) (exclusive of costs and interest), in addition to punitive damages, costs and other relief that this Honorable Court deems just under the circumstances.

Respectfully submitted,

/s/ Michael Jay Leizerman
Michael Jay Leizerman (NM Fed. Bar 15-167)
E.J. Leizerman & Associates, LLC
3450 W. Central Avenue, Suite 328
Toledo, OH 43606
Phone: (800) 628-4500
Facsimile: (888) 838-8838
michael@leizerman.com

and

John Cameron Thomas (Florida Bar No. 22077)
John Cameron Thomas, P.A.
6054 Arlington Expressway, Suite 2
Jacksonville, FL 32211
Phone: (904) 428-8199
Facsimile: (904) 551-9257
attorneyjohnthomas@yahoo.com

*Attorneys for Plaintiffs*

## **JURY DEMAND**

Plaintiffs hereby demand a trial by jury on all triable issues.


Respectfully submitted,


/s/ Michael Jay Leizerman
Michael Jay Leizerman