IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SHARRON EMPEY, Individually and as Independent
Administrator of the ESTATE OF JAMES R. EMPEY,
SHARRON EMPEY, Individually and as Independent
Administrator of the ESTATE OF DUSTIN M. EMPEY,
and DELANEY EMPEY,

    Plaintiffs,

v.　　　　　　　　　　　　　　　　　　　　　　No. 1:15-CV-00815 KK/KBM

FEDEX GROUND PACKAGE SYSTEM, INC.,
WILLIAM L. HART, GUILLERMO BACILIO,
CR ENGLAND, INC., JONATHAN M. REYES,
NATIONWIDE SECURE LOGISTICS,
JAIME PONS-LEVYA, Y&S SERVICES, and
SAFETY FLEET, INC.

    Defendants.

## ORDER REGARDING SECOND FEDERAL RULE OF EVIDENCE 706 EXPERT

Pursuant to Federal Rule of Evidence 706, and based on the parties' agreement, the Court finds it appropriate and appoints Evidence Solutions, Inc. (Scott Greene) as a Rule 706 expert to assist the Court and the parties in preserving and documenting information and data from a global positioning system ("GPS"), model TomTom 4EN42 Z1230, discovered in the vehicle occupied by James R. Empey and Dustin Empey, which may be potentially relevant to the claims and defenses in this case. Evidence Solutions, Inc.'s communications with the Court about logistics shall not be recorded, although matters of substance will be documented and made part of the record.

Evidence Solutions, Inc.'s duties shall include:

(1) Capturing, preserving and producing to the Parties any viable data from the GPS in accordance with Evidence Solutions, Inc. Mobile GPS Device Data Capture Protocol (Rev. 09/09/2016), attached as Exhibit A to this Order.

(2) Maintaining and preserving the GPS for any parties' independent inspection and non-destructive documentation until all parties agree the GPS may be released and returned to Plaintiffs or their counsel or representatives.

(3) Within a reasonable time period agreed by the parties and Evidence Solutions, Inc., Evidence Solutions, Inc. shall provide the parties in a usable format with any viable data from the GPS, as well as copies of all native data captured from the device.

By stipulation, Plaintiffs and Defendants shall split among themselves (with no more than 25% of the costs borne by Plaintiffs) the reasonable and necessary costs for capturing any viable data on the GPS.

Moreover, this Order is intended at this time only as an effort to preserve potentially relevant evidence and shall not constitute a discovery order or order compelling the production or determining the relevance of any information or data.  All objections are reserved.

If the parties cannot agree on a protocol for objecting to, producing, and/or disclosing any potentially relevant data identified, the parties shall advise the Court of such disagreement in writing and the Court will set the matter for a Status Conference.

_____
THE HONORABLE KAREN B. MOLZEN
CHIEF MAGISTRATE JUDGE

**AGREED AS TO FORM:**

By:    *Electronically approved 9/18/2016*
       Michael Leizerman
       *Attorneys for Plaintiff*

By:    *Electronically approved 9/19/2016*
       Monica Garcia
       *Attorneys for Nationwide Secure Logistics and Jaime Pons-Leyva*

By:    *Electronically approved 9/21/2016*
       Megan Day Hill
       *Attorneys for C R England and Jonathan Reyes*

By:    *Electronically approved 9/18/2016*
       Justin D. Rodriguez
       *Attorneys for Defendant Guillermo Bacilio*

By:    /s/   Carlos Rincon
       Carlos Rincon
       *Attorneys for Defendant FedEx Ground Package System, Inc.*

By:    *Electronically approved 9/19/2016*
       John Stiff
       *Attorneys for Defendants William L. Hart*