IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SHARRON EMPEY, Individually and as
Independent Administrator of the ESTATE
OF JAMES R. EMPEY, SHARRON EMPEY,
Individually and as Independent Administrator
of the ESTATE OF DUSTIN M. EMPEY and
DELANEY EMPEY,

    Plaintiff,

v.                                                       CIV 15-0815 KK/KBM

FEDEX GROUND PACKAGE SYSTEM, INC.,
WILLIAM L. HART, GUILLERMO BACILIO,
C.R. ENGLAND, INC., JONATHON M. REYES,
NATIONWIDE SECURE LOGISTICS, and
JAIME PONS-LEVYA,

    Defendants.

## ORDER GRANTING MOTION FOR ENTRY OF CONFIDENTIALITY AND PROTECTIVE ORDER

THIS MATTER comes before the Court on FedEx Ground Package System, Inc.'s ("FedEx's") Motion for Entry of Confidentiality and Protective Order (*Doc. 155*), filed September 9, 2016. This motion is opposed by only one party, Defendant CR England, Inc. ("CR England"), which has filed a brief in opposition (*Doc. 157*). The Court, having considered the parties' briefs, exhibits and relevant law, and being otherwise fully informed, concludes that FedEx's motion should be granted and that the Confidentiality Order proposed by FedEx, and agreed to Defendant William Hart, Defendant Guillermo Bacilio, Defendant Nationwide Secure Logistics, and Defendant Jaime Pons-Levya, should be entered with the modifications discussed in Defendant FedEx's reply brief.

Federal Rule of Civil Procedure provides that, upon a showing of good cause, a court may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Fed. R. Civ. P. 26(c)(1)(G). Notably, federal district courts enjoy broad discretion over such discovery matters.

Here, Defendant CR England contends that the protective order proposed by FedEx unnecessarily complicates the litigation process, increases the cost of litigation, hampers efficient administration of justice, and interferes with counsel's ability to effectively represent their clients.  FedEx, on the other hand, maintains that it has demonstrated good cause for the protections included within the proposed protective order.

The Court finds, as an initial matter, that Defendant FedEx has shown good cause for the entry of a protective order in general. The Court agrees with FedEx that, without a proper protective order in place, there is a risk of improper disclosure of the corporate parties' confidential information to non-party competitors. There is no question that, although the corporate parties occupy somewhat distinct markets, they operate in highly-competitive industries. The Court anticipates that substantial sensitive commercial information will be exchanged during discovery. A protective order is the best way to guard against unnecessary disclosure of such information while also allowing the parties to engage in appropriate discovery.

Second, the Court is not persuaded by CR England's contentions that the proposed protective order is "unnecessarily complex and unwieldy" in this particular case. Indeed, tiered designation systems are an effective way to manage the exchange of sensitive commercial

information. *See S2 Automation, LLC v. Micron Technology, Inc.*, 283 F.R.D. 671 (D.N.M. 2012) (reasoning that a "two-tiered designation system [was] also appropriate in light of the intellectual property information and other sensitive commercial information, that the parties [would] be exchanging during discovery"). For this reason, the Court has entered a substantially similar protective order in other cases. *See, e.g., Rodriguez v. Baggs*, 16cv0288 KBM/WPL, *Doc. 14* (D.N.M. May 13, 2016).

    Moreover, CR England's concerns that the protective order interferes with the effective representation of its client are overstated. CR England's counsel has not demonstrated how the prohibition on divulging to CR England's in-house counsel non-public financial information, pricing information, or customer identification data, for instance, would inhibit the representation of their client in this wrongful death case.  Should a particular issue not anticipated by the Court arise in this regard, CR England may move for a modification of the protective order.

    As to the protection of deposition transcripts, CR England worries that the thirty-day "attorney eyes only" designation for transcripts will hamper future depositions and also that people not authorized to receive classified information will be excluded from depositions.  As a practical matter, FedEx notes that only FedEx witnesses have been noticed for deposition. Further, FedEx represents that the "proposed protective Order can be revised to apply specifically to only those portions of the transcript where such classified information was discussed," (*Doc. 161* at 5), and has given its assurance that any party or party representative who has not signed off on agreeing to comply with the protective order can attend a deposition and simply excuse themselves during the discussion of classified information. Thus, the Court

3

finds that the provisions related to depositions and deposition transcripts to be appropriate and warranted.

The Court is aware of CR England's concern about the protection of trial strategy when experts are required to sign off on the terms of the protective order. Parties should not be required, for instance, to obtain the other parties' approval before permitting their experts to review information designated "for attorney eyes only"; nor should they be required to notify the other parties of which particular documents the expert has or will review.  The Court is satisfied, however, that the modification proposed by FedEx in paragraph 8 its reply brief resolves these concerns. As such, experts who review confidential documents will only be required to agree to the protective order, not to broadcast which documents they review.

Finally, the Court agrees that protective orders, including those involving tiered designation systems, are commonplace in litigation today, such that any burden on court reporters or the Clerk's office does not, in itself, warrant rejection of the protective order proposed by FedEx.

**IT IS THEREFORE ORDERED** that FedEx's Motion for Entry of Confidentiality and Protective Order (*Doc. 155*) is granted to the extent that the Court intends to enter a protective order in substantially the same form as the one attached as Exhibit A to FedEx's Motion.

**IT IS FURTHER ORDERED** that once the parties have made the modifications to the protective order as contemplated in FedEx's reply brief, they should submit it to the Court for consideration and entry.

Dated this 4th day of October, 2016.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE